# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 73721-0-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| AUNARAY MARKEYS LUCKETT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | FILED: October 10, 2016 |

MANN, J. — Aunaray Luckett appeals his standard range sentence on the grounds that the court abused its discretion in failing to consider Luckett's request for an exceptional sentence downward. Finding no error, we affirm.

## FACTS

Jacqueline Nelson was the protected party of a domestic violence no-contact order against her son, Aunaray Luckett. The protective order prohibited Luckett from contacting Ms. Nelson or coming within 150 feet of her residence. On June 12, 2014, police responded to Nelson's residence after a neighbor reported screaming and possible gunshots fired. When the police arrived they heard screaming from inside. Police entered the residence, made contact with Nelson, and arrested Luckett.

The State charged Aunaray Luckett with violation of a no-contact order with the aggravating factor that he was on community custody at the time he committed the offense; the offense was elevated to a felony due to two previous no-contact order violations. After a one-day trial, the jury found Luckett guilty as charged. The standard range was 33 to 43 months confinement. The court sentenced Luckett to 43 months confinement.

At the initial sentencing hearing, the State requested a standard range sentence. Luckett moved for an exceptional sentence downward to 12 months plus one day on the basis that: (1) Nelson invited the contact; and (2) Luckett's low level of mental functioning contributed to the offense. The judge then questioned Nelson, and she acknowledged that she invited her son over to the residence on the night in question. The sentencing hearing was postponed after Luckett started acting erratically in the courtroom and had to be restrained by court marshals and taken into custody.

The judge ordered a mental health evaluation by a qualified professional before proceeding to sentencing. The evaluation took place and the report concluded that Luckett had no signs of mental health issues or competency issues, with the exception that Luckett agreed he needed drug and/or alcohol treatment.

The sentencing hearing resumed the following week. The State requested the court impose the high end of the range of 43 months based on the Luckett's six prior domestic violence related convictions and his blatant disregard for the law. Luckett reiterated the request for an exceptional sentence downward.

The court did not to grant an exceptional sentence. In making this ruling the judge addressed Luckett, stating, "I heard from your mother last week. I was considering what

Ms. Rancourt was asking the Court to do when it became apparent to the Court that you had a problem."[1] He continued: "I don't think I can consider the request of Ms. Rancourt at this time for an exceptional sentence downward. I'm going to provide for a standard range sentence of 43 months confinement."[2] The judgment and sentence reflected a standard range sentence of 43 months confinement.

Luckett appeals.

## ANALYSIS

Luckett contends that the trial court abused its discretion in failing to consider Luckett's request for an exceptional sentence downward. Under the Sentencing Reform Act (SRA), a sentencing court generally must impose a sentence within the standard sentencing range. RCW 9.94A.505(2)(a)(i); State v. Graham, 181 Wn.2d 878, 882, 337 P.3d 319 (2014). However, the SRA authorizes a departure from the standard range in some circumstances. See RCW 9.94A.535. A "court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence" RCW 9.94A.535. "The court may impose an exceptional sentence below the standard range if it finds that mitigating circumstances are established by a preponderance of the evidence." RCW 9.94A.535(1). Mitigating circumstances include: whether "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident;" and, whether "the defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was

---

[1] Report of Proceedings RP (June 25, 2015) at 17.
[2] RP (June 25, 2015) at 17.

significantly impaired. Voluntary use of drugs or alcohol is excluded." RCW 9.94A.535(a), (e).

While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997); State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). Review, however, is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range. Garcia-Martinez, 88 Wn. App. at 330. A court refuses to exercise its discretion if it refuses categorically to impose an exceptional sentence below the standard range under any circumstances; i.e., it takes the position that it will never impose a sentence below the standard range. Garcia-Martinez, 88 Wn. App. at 330. The failure to consider an exceptional sentence is reversible error. Grayson, 154 Wn.2d at 342.

In this case, there is no evidence that the judge refused "categorically to impose an exceptional sentence below the standard range under any circumstances." During sentencing the judge responded to Luckett's motion by addressing Luckett and stating, "I heard from your mother last week. I was considering what Ms. Rancourt was asking the Court to do when it became apparent to the Court that you had a problem. . . . I don't think I can consider the request of Ms. Rancourt at this time for an exceptional sentence downward. I'm going to provide for a standard range sentence of 43 months confinement."[3] Although the judge used the term "I don't think I can consider the request"

---

[3] RP (June 25, 2015) at 17.

it is clear from his earlier statements that he had considered exercising his discretion to impose an exceptional sentence downward but determined that it should not be applied in this case, not that it could never be applied. "So long as the trial court has considered whether there is a basis to impose a sentence outside the standard range, decided that it is either factually or legally insupportable and imposed a standard range sentence, it has not violated the defendant's right to equal protection." Garcia-Martinez, 88 Wn. App. at 330.

## CONCLUSION

Because the trial court did consider Luckett's motion for an exceptional sentence and determined it was not appropriate in these circumstances, the court holds that the trial judge did not abuse his discretion when he ruled that Luckett should serve a sentence within the standard range.

Affirmed.

_____
Mann, J.

WE CONCUR:

_____
_____
Cox, J.