# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 77152-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| DAVID TIMOTHY FLAIR, | ) | |
| Appellant. | ) | FILED: November 13, 2018 |

BECKER, J. — The trial court sentenced David Flair to a standard range term of confinement after revoking his residential drug offender sentencing alternative (DOSA). We affirm. Flair contends that a lesser sentence was required by RCW 9.94A.664 and his plea agreement, but we rejected those arguments in State v. Church, No. 76573-6-I (Wash. Ct. App. Oct. 8, 2018), http://www.courts.wa.gov/opinions/pdf/765736.pdf.

Flair pleaded guilty to unlawful possession of a firearm and bail jumping on April 13, 2017. Given Flair's offender score of 4, the standard range prison sentence was 12 to 16 months. The prosecutor agreed to recommend a DOSA (drug offender sentencing alternative), a treatment-based alternative to a standard range sentence available to nonviolent drug offenders when deemed appropriate by the trial court. RCW 9.94A.660(3). The court accepted this recommendation at sentencing on April 28, 2017. The court imposed a

residential DOSA (as opposed to a prison-based DOSA) under RCW 9.94A.664.[1] The court sentenced Flair to 24 months' community custody on the condition that he engage in chemical dependency treatment for 3 to 6 months.

Flair did not show up for treatment on his start date of May 3, 2017. During a hearing on May 19, 2017, Flair admitted to violating the terms of his DOSA. The court ordered him to start treatment on May 24, 2017. On that date, Flair ran away from the van waiting to take him to treatment. He was brought back to court. The judge denied the State's request to revoke Flair's DOSA, instead granting Flair another opportunity to enter treatment. He again failed to do so and was arrested.

During a hearing on July 21, 2017, the prosecutor asked the court to re-sentence Flair to a standard range term of confinement. The prosecutor argued that the court had "discretion to impose anywhere within the standard range for purposes of somebody being in violation or revocation" of a DOSA. This was presumably a reference to RCW 9.94A.660, a statute applicable to both residential and prison-based DOSAs. It authorizes a trial court to impose sanctions that include "a term of total confinement within the standard range of the offender's current offense":

> (7)(a) The court may bring any offender sentenced under this section back into court at any time on its own initiative to evaluate the offender's

---

[1] The statute provides, "A sentence for a residential chemical dependency treatment-based alternative shall include a term of community custody equal to one-half the midpoint of the standard sentence range or two years, whichever is greater, conditioned on the offender entering and remaining in residential chemical dependency treatment certified under chapter 70.96A RCW for a period set by the court between three and six months." RCW 9.94A.664(1).

2

progress in treatment or to determine if any violations of the conditions of the sentence have occurred.

(b) If the offender is brought back to court, the court may modify the conditions of the community custody or impose sanctions under (c) of this subsection.

(c) The court may order the offender to serve a term of total confinement within the standard range of the offender's current offense at any time during the period of community custody if the offender violates the conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment.

(d) An offender ordered to serve a term of total confinement under (c) of this subsection shall receive credit for any time previously served under this section.

RCW 9.94A.660(7)(a)-(d).

Flair urged application of a different statute, RCW 9.94A.664. That statute is specific to residential DOSAs. It describes options available to a judge at a "progress hearing or treatment termination hearing" conducted after the court receives information from the defendant's treatment provider. RCW 9.94A.664(4). At such a hearing, the court is authorized to impose "a term of total confinement equal to one-half the midpoint of the standard range":

(3)(a) If the court imposes a sentence under this section, the treatment provider must send the treatment plan to the court within thirty days of the offender's arrival to the residential chemical dependency treatment program.

(b) Upon receipt of the plan, the court shall schedule a progress hearing during the period of residential chemical dependency treatment, and schedule a treatment termination hearing for three months before the expiration of the term of community custody.

(c) Before the progress hearing and treatment termination hearing, the treatment provider and the department shall submit written reports to the court and parties regarding the offender's compliance with treatment and monitoring requirements, and recommendations regarding termination from treatment.

3

> (4) At a progress hearing or treatment termination hearing, the court may:
>
> ....
>
> (c) Impose a term of total confinement equal to one-half the midpoint of the standard sentence range, followed by a term of community custody under RCW 9.94A.701.

RCW 9.94A.664(3)(a)-(c), (4)(c). Relying on RCW 9.94A.664(4)(c), Flair argued that the proper sanction for his noncompliance was incarceration for 7 months, half the midpoint of his standard range of 12 to 16 months. The court determined that section did not apply. The court said, "I am going to revoke and I'm going to impose the low end." Relying on RCW 9.94A.660(7)(c), the court ordered Flair to serve a prison term of 12 months and 1 day. Flair appeals from that order.

Flair maintains that the trial judge erred by imposing a sentence exceeding 7 months. He argues that RCW 9.94A.660(7)(c) and .664(4)(c) conflict and that rules of statutory construction, including the rule of lenity, support a conclusion that the latter section governs his situation.

We addressed these arguments in Church, a decision published after Flair filed the present appeal. The scenario in Church was the same as here: the defendant, given a DOSA sentence, completely failed to attend treatment. For that reason, the trial court revoked the DOSA sentence. The court then imposed a standard range sentence under RCW 9.94A.660(7) despite the defendant's argument that she could only be sanctioned under RCW 9.94A.664(4)(c). On appeal, we found no error in the sentence. We held that "the provisions of RCW 9.94A.664(4) are inapplicable to an offender who fails to report to residential treatment." Church, slip op. at 1.

4

The court's authority to impose sanctions based on RCW 9.94A.664(4)(c) requires satisfaction of the section's preconditions. These include the condition that the offender report to the facility for residential treatment. Because Church never reported for treatment, she could not be evaluated, the treatment provider could not develop a treatment plan, and the court could not schedule a progress or termination hearing. Therefore, Church's failure to report to treatment made the sanctions provision of RCW 9.94A.664(4)(c) inapplicable to her.

Furthermore, the purpose of the DOSA statutes is "to provide meaningful treatment and rehabilitation incentives for those convicted of drug crimes, when the trial judge concludes it would be in the best interests of the individual and the community." The same interests are at issue when the trial court decides the sanctions for noncompliance. Church's desired reading of RCW 9.94A.664(4) would undermine these interests by creating a disincentive to comply with the terms of a residential DOSA. Accepting Church's reading of the statutes, offenders would be tempted to agree to a residential DOSA and then fail to report in order to reduce a standard range sentence to half the midpoint of the standard range. This would undermine the DOSA statutes' purpose.

Church, slip op. at 5-6 (footnotes omitted), quoting State v. Grayson, 154 Wn.2d 333, 343, 111 P.3d 1183 (2005). This reasoning applies with equal force to Flair's appeal. Following Church, we conclude the trial court's sentencing decision was not error.

A provision of Flair's plea agreement said that noncompliance with his DOSA would "result in imposition of sanctions, which may include imposition of a term of total confinement of up to one-half the midpoint of the standard range." Flair contends that the State violated this provision by recommending a standard range sentence during the hearing on July 21, 2017. The same argument was raised by the appellant in Church, and it was rejected by this court. We reasoned that the provision in the plea agreement did not create a promise by the State to recommend a particular sentence upon revocation of the DOSA: "The 'noncompliance' section of the plea agreement merely provides notice that

No. 77152-3-I/6

sanctions will result for noncompliance. It then identifies an example of one sanction a court may impose." <u>Church</u>, slip op. at 8. We adhere to this reasoning.

Affirmed.

Becker, J.

WE CONCUR:

Mann, A.C.J

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON
2018 NOV 13 AM 9: 47

6