# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51964-0-II |
| Respondent, | |
| v. | |
| MARILYN CORRINE REDD, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Marilyn Corrine Redd appeals the sentencing court's denial of her request for a Drug Offender Sentencing Alternative (DOSA)[1] sentence. She argues that the sentencing court erred when it denied her DOSA request based on the erroneous belief that the legislature did not intend DOSA to apply when there are numerous current convictions. Because the sentencing court based its decision on individualized factors related to the offenses at issue and did not categorically refuse to impose a DOSA sentence, we affirm the sentencing court.

## FACTS

At the culmination of multiple investigations involving mail theft, burglary, and fraud, the State charged Redd with twenty counts:

- One count of first degree possession of stolen property (Count I);
- Six counts of second degree identity theft (Counts II, V, IX, XII, XIV, XVI);
- Three counts of second degree possession of stolen property (Counts III, VI, X);

---

[1] RCW 9.94A.660.

- Six counts of forgery (Counts IV, VII, XI, XIII, XV, XVII);
- One count of second degree theft (Count VIII);
- One count of first degree driving with a suspended or revoked license (Count XVIII);
- One count of operation of a motor vehicle without an ignition interlock device (Count XIX); and
- One count of unlawful possession of methamphetamine (Count XX).

Clerk's Papers (CP) at 107-16. The State alleged that counts I, II, and III were major economic offenses.

Redd pleaded guilty to all 20 counts. She also pleaded guilty to the major economic offense aggravating factors on counts I through III. As to count I, the first degree possession of stolen property charge, Redd admitted that the offense involved "a monetary loss greater than what is typical to a substantial degree." CP at 136; *see also* CP at 108. As to count II, a second degree identity theft charge, Redd admitted that this crime involved a high degree of sophistication. As to count III, a second degree possession of stolen property charge, Redd admitted that this crime involved multiple victims.

At the sentencing hearing, Bremerton Police Officer Derek Ejde testified that Redd had engaged in an extensive identity theft, forgery, and mailbox theft operation that involved 391 victims. As part of this operation, Redd produced fake checks. Redd even went to the extent of setting up a business account to facilitate her purchase of the supplies and equipment needed to produce the fake checks. During this operation, Redd and her accomplices cashed "dozens" of altered checks acquired from the victims' mailboxes and fake checks Redd had manufactured, collecting an average of $400 to $500 for each check. Report of Proceedings (RP) (June 4, 2018) at 44.

The State requested an exceptional sentence of 100 months and a day because three of the offenses were "major economic offense[s]" due to (1) the amount of money involved, (2) the degree of sophistication, and (3) the number of victims. RP (June 4, 2018) at 47-48. Although the State acknowledged that there was "no doubt [Redd] needs and would benefit from treatment," the State argued that a DOSA sentence was not appropriate because it would "completely nullif[y]" the "aggravators" and, given the organized, sophisticated, and extensive nature of the offenses, would not "send[ ] the correct message." RP June 4, 2018) at 48, 50. The State also argued, "The issue is that, I believe, when [y]our [h]onor is looking at the statute, this is not what the legislature intended a person in this situation to be placed in a DOSA." RP (June 4, 2018) at 50.

Redd argued for a DOSA sentence, noting that a prison-based DOSA would require 25 months of incarceration, which was more than "a slap on the wrist." RP (June 4, 2018) at 82. Redd argued that legislature had not excluded those with high offender scores or multiple offenses from receiving a DOSA sentence. The DOSA screening report that the sentencing court had ordered concluded that Redd had a history of severe drug addiction and that she was eligible and would benefit from a DOSA sentence and chemical and mental health treatment.

After hearing argument, the sentencing court acknowledged Redd's chemical dependency issues, but it commented that it had to consider other factors such as the large number of people impacted by these crimes and the sophisticated nature of the crimes. The sentencing court stated that although it understood that drug addiction could lead to bad choices, it also had to consider the considerable impact this had had on other people's lives and declined the DOSA request. The sentencing court then stated, "I don't believe that the legislature intended for this quantity of criminal activity to support a DOSA recommendation." RP (June 4, 2018) at 93-94.

The sentencing court also rejected the State's recommended sentence. Instead, the sentencing court imposed a 72 month exceptional sentence on count I, the first degree possession of stolen property conviction, and lesser, standard range sentences on the remaining counts. The court ran all of the sentences concurrently for a total term of confinement of 72 months.

After announcing the sentence, the sentencing court stated,

> But I just can't, in good conscience, Ms. Redd, *in light of the totality of the victimization of your crimes* really do anything better than that. And I've given it a lot of thought. And that may not make you feel any better, but I have. And so that's going to be the call.

RP (June 4, 2018) at 94 (emphasis added).

Defense counsel asked the sentencing court to clarify why it did not think the DOSA sentence was appropriate. The sentencing court responded:

> I think the prosecution has demonstrated that the aggravators that your client pled to support an exceptional sentence above the standard range. So I agree with the prosecutor's theory in that regard.
>
> I guess to be clear. You make a good point. Certainly, she's DOSA eligible. *She's DOSA eligible. I'm just declining to give the DOSA in light of the substantial criminal activity that's occurred in the case.*

RP (June 4, 2018) at 95-96 (emphasis added).

In its written findings of fact and conclusions of law related to the exceptional sentence, the sentencing court included two written findings of fact related to Redd's DOSA request. In finding of fact XI, the sentencing court found "[t]hat the defendant *is statutorily eligible* for a prison-based [DOSA] under RCW 9.94A.660 and RCW 9.94A.662." CP at 158 (finding of fact (FF) XI) (emphasis added). In finding of fact XII, the sentencing court found "[t]hat the court's

denial of a DOSA in this case is *based on the facts and circumstances in this case*, which evidence the appropriateness of an exceptionally high sentence." CP at 159 (FF XII) (emphasis added).

Redd appeals the sentencing court's rejection of her request for a DOSA sentence.

ANALYSIS

Redd argues that the sentencing court abused its discretion when it denied her DOSA request because its denial was based on the mistaken belief that the legislature did not intend to allow DOSA sentences "for this quantity of criminal activity." Br. of Appellant at 8. We disagree because the record shows that the sentencing court based its decision on its individualized consideration of the offenses at issue, not on an assumption that legislative intent prohibited a DOSA sentence under these facts.

"As a general rule, the trial [court's] decision whether to grant a DOSA is not reviewable. However, an offender may always challenge the procedure by which a sentence was imposed." *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005) (internal citations omitted). "[W]here a defendant has requested a sentencing alternative authorized by statute, the categorical refusal to consider the sentence, or the refusal to consider it for a class of offenders, is effectively a failure to exercise discretion and is subject to reversal." *Grayson*, 154 Wn.2d at 342.

Redd attempts to challenge the sentencing court's decision here by characterizing it as a categorical decision based on a misunderstanding of the law. Redd is correct that the sentencing court at one point during the sentencing hearing stated that it did not "believe that the legislature intended for this quantity of criminal activity to support a DOSA recommendation," and that this statement could support her argument. RP (June 4, 2018) at 93-94. But the remainder of the sentencing court's oral ruling and the sentencing court's written findings demonstrate the

sentencing court understood it had the authority to grant a DOSA request but that it did not do so for a variety of individualized factors.

For instance, the sentencing court stated,

> But I just can't, in good conscience, Ms. Redd, *in light of the totality of the victimization of your crimes* really do anything better than that. And I've given it a lot of thought. And that may not make you feel any better, but I have. And so that's going to be the call.

RP (June 4, 2018) at 94 (emphasis added).

And when defense counsel asked the sentencing court to clarify the reason it had denied the DOSA request, the sentencing court responded:

> I think the prosecution has demonstrated that the aggravators that your client pled to support an exceptional sentence above the standard range. So I agree with the prosecutor's theory in that regard.
>
> I guess to be clear. You make a good point. Certainly, [Redd is] DOSA eligible. *She's DOSA eligible. I'm just declining to give the DOSA in light of the substantial criminal activity that's occurred in the case.*

RP (June 4, 2018) at 95-96 (emphasis added). Additionally, the sentencing court's written findings clearly stated that Redd was "statutorily eligible" for a DOSA and that it was denying the DOSA request "based on the facts and circumstances in this case, which evidence the appropriateness of an exceptionally high sentence." CP at 158-59 (FFs XI, XII).

These later statements and findings of fact demonstrate that the sentencing court did not base its decision to deny the DOSA request on the belief that Redd was ineligible because of the number of offenses she had committed. Rather, the sentencing court carefully considered Redd's offenses and concluded that the exceptional sentence requested was a more appropriate sentence given the number and nature of the offenses. The number and nature of the offenses was a tenable

No. 51964-0-II

basis for the sentencing court to rule out the requested alternative. Thus, the sentencing court did not abuse its discretion in denying the DOSA request, and we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, JUDGE

We concur:

WORSWICK, P.J.

CRUSER, J.