FILED
COURT OF APPEALS
STATE OF WASHINGTON

2013 MAR 11 AM 10: 43



## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 67656-3-I |
| Respondent, | |
| v. | DIVISION ONE |
| GARRETT J. CZERSKI, | UNPUBLISHED OPINION |
| Appellant. | FILED: March 11, 2013 |

LEACH, C.J. — Garrett Czerski appeals the standard range sentence imposed for his conviction for attempted rape in the second degree, unlawful imprisonment, and burglary in the first degree. He claims that the trial court abused its discretion when it denied his request for an exceptional sentence below the standard range because it incorrectly assumed that it did not have legal authority to impose such a sentence. Because the record demonstrates that the court both understood that it had such discretion and properly exercised its discretion in denying Czerski's request, we affirm.

## Background

The State charged Czerski by information with indecent liberties by forcible compulsion, attempted rape in the first degree, unlawful imprisonment, and burglary in the first degree. Before trial, the court ordered a competency evaluation and committed Czerski, who suffers from schizophrenia, to Western

State Hospital until he gained competence to stand trial. At a subsequent hearing, the court determined that Czerski was competent to stand trial.

A jury convicted Czerski of indecent liberties by forcible compulsion, attempted rape in the second degree, unlawful imprisonment, and burglary in the first degree. At sentencing, the court vacated and dismissed the indecent liberties conviction, finding that it merged with the conviction for attempted rape in the second degree. Based upon his offender score, Czerski faced a standard range sentence of 157.5 to 210.0 months in prison.

Czerski requested an exceptional sentence below the standard range of 87 months in prison. He argued that this exceptional sentence, which represented the low end of the standard range for the burglary conviction, was warranted because "Mr. Czerski has never been incarcerated for more than 72 months, so in this case 87 months would be appropriately graduated upward to reflect his prior history." He also asserted that "such a sentence would also appropriately reflect the challenges and limitations under which Mr. Czerski labors owing to his severe mental illness which significantly impairs his capacity to appreciate the wrongfulness of his conduct and to conform his conduct to the requirements of the law."

The court stated that it was "sympathetic" to Czerski's arguments and that it "agree[d] that to some extent either small or very significant Mr. Czerski's long time mental health issues contributed to this series of crimes." Despite its reservations, the court expressed concern regarding the need to "protect the

public from Mr. Czerski's mental health issues, which seem to manifest themselves in continuing and worsening criminal conduct." In denying Czerski's request, the court explained,

> I feel I can do nothing less then [sic] a standard range sentence. I don't feel that the facts of the case justify high-end of the range. I'm going to sentence him to 160 months just above the low-end and hope that . . . something can happen in treatment that will make Mr. Czerski less of a threat or just the passage of time and the aging process will do that.

The court also noted, "I think it's too much time too, but you know something I— the law doesn't—I don't feel that the law allows me to do much different from that. I gave you as little time as I could within the standard range." Czerski appeals.

## Analysis

Where a defendant has requested an exceptional sentence below the standard range, "review is limited to circumstances where the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range."[1] "While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered."[2] Thus, "[t]he failure to consider an exceptional sentence is reversible error."[3] Similarly, "[a] trial court's erroneous

---

[1] State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).
[2] State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).
[3] Grayson, 154 Wn.2d at 342.

belief that it lacks the discretion to depart downward from the standard sentencing range is itself an abuse of discretion warranting remand."[4]

Czerski claims that the trial court abused its discretion because it "failed to recognize it had legal authority to impose a lesser sentence via a mitigated exceptional sentence, as requested by Czerski," and that "the record reveals the trial court would have done so had it recognized this authority." He cites the court's statements acknowledging that Czerski's mental health issues contributed to his acts and that the court "[didn't] feel that the law allows me to do much different" from the standard range sentence.

In arguing for an exceptional sentence, Czerski relies upon RCW 9.94A.535(1). That statute permits a court to impose a sentence below the standard range under certain mitigating circumstances, including if "[t]he defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired. Voluntary use of drugs or alcohol is excluded."[5]

In State v. Schloredt,[6] we held that "the record must establish not only the existence of the mental condition, but also the requisite connection between the condition and significant impairment of the defendant's ability to appreciate the wrongfulness of his conduct or to conform his conduct to the requirement of the law." Here, the trial court heard expert testimony indicating that Czerski's mental

---

[4] State v. Bunker, 144 Wn. App. 407, 421, 183 P.3d 1086 (2008).
[5] RCW 9.94A.535(1)(e).
[6] 97 Wn. App. 789, 802, 987 P.2d 647 (1999).

illness did not impair his capacity at the time of the incident. Czerski's expert witness testified that during his evaluation, Czerski "described engaged behavior that had a goal-directed intentional quality" and that it was "pretty clear there was goal directed behavior on that date." The State's expert testified regarding "whether or not he had the capacity to perceive, to know that those acts were— know right from wrong with respect to those acts for which he was charged. The answer to that in my opinion was yes." Additionally, he testified,

> I can't deny that in most cases that most people who have chronic schizophrenia are going to be impaired to some extent. The question is to what degree is that person impaired. In my opinion he wasn't significantly or seriously impaired.
> . . . .
> To carry on activities that he had in mind to do those things, to achieve the goals that he was trying to achieve.

Czerski compares this case to In re Personal Restraint of Mulholland.[7] In Mulholland, the trial court sentenced the defendant under RCW 9.94A.589(1).[8] The trial court concluded that it did not have discretion to run the defendant's sentences concurrently because the law required the court to run them consecutively.[9] The Supreme Court remanded, holding that the plain language of RCW 9.94A.589(1) and RCW 9.94A.535 gave discretion to the trial court to impose an exceptional sentence.[10]

Both Czerski's sentencing memorandum and the State's supplement to its sentencing brief recognized that the trial court could consider an exceptional

---

[7] 161 Wn.2d 322, 166 P.3d 677 (2007).
[8] Mulholland, 161 Wn.2d at 325-26.
[9] Mulholland, 161 Wn.2d at 326.
[10] Mulholland, 161 Wn.2d at 330-31.

sentence below the standard range. At the sentencing hearing, both parties addressed whether such a sentence would appropriately protect the public.

Contrary to Czerski's assertion, the record reveals that the court was aware of its discretion to impose a sentence below the standard range. Unlike Mulholland, nothing in the record indicates that the trial court misunderstood the law. The court declined to impose such a sentence because it disagreed with Czerski's arguments that the relevant facts supported a sentence below the standard range. "Without an adequate factual or legal basis to permit it to step outside the standard range, the court decided it could not impose a sentence other than one within the standard range. This is an appropriate exercise of sentencing discretion."[11]

## Conclusion

Because the trial court did not abuse its discretion in determining that no factual or legal basis supported a sentence below the standard range, we affirm.

_Leach, C.J._

WE CONCUR:

_Dwyer, J._                    _Cox, J._

---

[11] Garcia-Martinez, 88 Wn. App. at 331.