# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Personal Restraint Petition of:<br><br>SKYLAR N. NEMETZ,<br><br>      Petitioner. | No. 53971-3-II<br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Skylar Nemetz filed this personal restraint petition (PRP) relating to his 2014 conviction for manslaughter in the first degree. The court imposed a standard range sentence that included a firearm enhancement. Nemetz claims that the court abused its discretion by failing to meaningfully consider his youth as a mitigating factor before determining that no basis existed for an exceptional sentence below the standard range. We disagree and deny his petition.

## FACTS

On October 22, 2014, the State charged Nemetz with murder in the first degree with a firearm enhancement for shooting his wife in the back of the head. Nemetz was 20 years old when the crime occurred. A jury convicted Nemetz of the lesser included crime of manslaughter in the first degree with a firearm enhancement.

Prior to sentencing, Nemetz submitted a presentence memorandum requesting an exceptional sentence below the standard range because of his youth. Nemetz cited *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), and the law's recognition of the "'fundamental differences between adolescent and mature brains in the areas of risk and consequence assessment, impulse

control, tendency toward antisocial behaviors, and susceptibility to peer pressure.'" Clerk's Papers (CP) CP at 8 (footnotes omitted) (quoting *O'Dell*, 183 Wn.2d at 692). He requested that the court consider his youth when evaluating whether his "'capacity to appreciate the wrongfulness of [his] conduct, or to conform [his] conduct to the requirements of the law, was significantly impaired.'" CP at 7 (quoting RCW 9.94A.535(1)(e)).

Nemetz argued that reckless behavior is the "very hallmark of youth" and the fact that the jury found he acted recklessly rather than intentionally "argues strongly in favor" of his youth as a mitigating factor. CP at 8. He noted that a "failure to meaningfully consider youthfulness as a mitigating factor is itself an abuse of discretion." CP at 8. The State asked the court to impose a sentence at the high end of the standard range.

The trial court addressed the parties as follows:

> First of all, all of the issues raised regarding sentencing by the defense are worthwhile, and I treated them as such. Of the two, the one I had less difficulty with was the defense speaking of an exceptional sentence. I do not find there is a basis for an exceptional sentence in this matter. The defendant's range will be within the standard—is within the standard range. I don't find there is a basis for an exceptional sentence downward as the defense requested in this matter.

15 Report of Proceeding (RP) at 3-4.

The court heard arguments from the parties about sentence length within the standard range. The State recommended the maximum sentence within the standard range. It asked the court to consider Nemetz's expertise in firearms and his inconsistent explanations of what occurred the night of the shooting.

Prior to making its ruling, the court explained that its job was to measure relative culpability as it relates to recklessness, a "fairly subjective" criteria. 15 RP at 25. It explained that it had to first look at the individual and then look at his conduct with a "focus on the nature and extent of recklessness." 15 RP at 25. The court then continued:

> [C]ertain facts in this case are without debate. Mr. Nemetz held a weapon, the weapon had a round in the chamber. Whether it was aimed at his wife is no longer before the court. But there's no question it was pointed at the back of her head, and Skylar Nemetz pulled the trigger of that weapon. The defendant shot a round and it penetrated nearly exactly the center of the back of his wife's skull. Only Mr. Nemetz knows what happened on that day. But with due respect to the defense theory of the case, and I have great respect for the defense theory of this case, and for their advocacy in this cause, this was not the accident that Mr. Nemetz testified it was.

15 RP at 26.

The court noted Nemetz's familiarity and strong interest in guns from an early age, as well as his ownership of 13 firearms. Nemetz had extensive training in handling guns both in and out of the military. He also had extensive firearms safety training that included the potential consequences resulting from a safety violation. The court explained that Nemetz's level of expertise showed the degree of recklessness of his conduct and concluded, "[A]t the end of the day, I just can't think of anything that can extenuate or can mitigate the level of recklessness given your skills on that day, I can't." 15 RP at 30. The court sentenced Nemetz to 162 months, the high end of the range.

Nemetz appealed, challenging the firearm enhancement and the trial court's failure to award credit for time served on electric home monitoring. We affirmed the conviction and enhancement but remanded for the court to award credit for time served.[1]

Nemetz timely filed this PRP.

---

[1] *State v. Nemetz*, No. 48788-8-II (Wash. Ct. App. Apr. 10, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2048788-8-II%20Unpublished%20Opinion.pdf. The Supreme Court denied the petition for review. *State v. Nemetz*, 191 Wn.2d 1007, 424 P.3d 1219 (2018).

ANALYSIS

Nemetz argues that the sentencing court failed to meaningfully consider his youth as a mitigating factor before determining there was no basis for an exceptional sentence, resulting in a complete miscarriage of justice. He contends that the court failed to acknowledge that youth can be a mitigating factor and to then failed to exercise its discretion in deciding the application of his youth to his reckless behavior. We disagree.

A petitioner can raise both constitutional and nonconstitutional errors in a PRP. *In re Pers. Restraint of Davi*s, 152 Wn.2d 647, 671, 101 P.3d 1 (2004). A petitioner raising constitutional error must show by a preponderance of the evidence that the error caused actual and substantial prejudice. *Davis*, 152 Wn.2d at 671-72. A petitioner raising nonconstitutional error has the burden of showing a fundamental defect resulting in a complete miscarriage of justice. *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251, 172 P.3d 335 (2007).

A defendant may appeal a standard range sentence only if the trial court violated the constitution or failed to comply with the procedural requirements of the Sentencing Reform Act (SRA). *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006); RCW 9.94A.585.

The sentencing court may impose a sentence outside the standard sentence range for an offense if it finds "that there are substantial and compelling reasons justifying an exceptional sentence." RCW 9.94A.535. The requirement that a trial court "set forth the reasons for its decision in written findings of fact and conclusions of law" is limited by the legislature to sentences outside the standard sentence range. RCW 9.94A.535.

A court may consider whether youth diminished the defendant's capacity to "appreciate the wrongfulness of his conduct, or to conform his conduct to the requirements of the law." *O'Dell*, 183 Wn.2d at 689; RCW 9.94A.535(1)(e). Youthfulness is a mitigating factor that may justify an exceptional sentence below statutory sentencing guidelines, even when the defendant is a legal adult. *O'Dell*, 183 Wn.2d at 688-89.

Psychological and neurological studies illustrate the "fundamental differences between adolescent and mature brains in the areas of risk and consequence assessment, impulse control, tendency towards antisocial behaviors and susceptibility to peer pressure." *O'Dell*, 183 Wn.2d at 692 (footnotes omitted). Studies have also shown that "'parts of the brain involved in behavior control' continue to develop well into a person's 20s." *O'Dell*, 183 Wn.2d at 691-92 (quoting *Miller v. Alabama*, 567 U.S. 460, 472, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012)). The Supreme Court recognizes that the "'distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences.'" *O'Dell*, 183 Wn.2d at 692 (quoting *Miller*, 567 U.S. at 472).

"While no defendant is entitled to an exceptional sentence below the standard range, every defendant *is* entitled to ask the [sentencing] court to consider such a sentence and to have the alternative actually considered." *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

When a defendant requests an exceptional sentence, our review is limited to circumstances where either the trial court refused to exercise discretion at all or it relied on an impermissible basis for refusing to impose an exceptional sentence below the standard range. *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997). Impermissible bases for declining a request for an exceptional sentence include race, sex, or religion. *Garcia-Martinez*, 88 Wn. App. at 330. A court fails to exercise its discretion if it refuses categorically to impose an exceptional

sentence below the standard range under any circumstances. *Garcia-Martinez*, 88 Wn. App. at 330. A "failure to exercise discretion is itself an abuse of discretion subject to reversal." *O'Dell*, 183 Wn.2d at 697.

However, "a trial court that has considered the facts and has concluded that there is no basis for an exceptional sentence has exercised its discretion, and the defendant may not appeal that ruling." *Garcia-Martinez*, 88 Wn. App. at 330.

In *Grayson*, the sentencing court, rather than considering the facts of the offender's case, denied the motion for a drug offender sentencing alternative (DOSA) because the "State no longer has money available to treat people who go through a DOSA program." 154 Wn.2d at 337 (emphasis omitted). The Supreme Court held that the sentencing court's failure "to exercise any meaningful discretion in deciding whether a DOSA sentence [is] appropriate" was an abuse of discretion. *Grayson*, 154 Wn.2d at 335.

In *O'Dell*, the court determined that the sentencing court's mistaken belief that it did not have the ability to consider youth as a mitigating factor was a failure to exercise, and therefore an abuse of, its discretion. 183 Wn.2d at 697.

Unlike in *O'Dell* and *Grayson*, the court here knew it had the ability to consider youth and, in fact, did consider it. The court acknowledged that "the issues raised regarding sentencing by the defense are worthwhile, and [it] treated them as such." 15 RP at 3. After reading Nemetz's sentencing memorandum and carefully considering it, the court did not find a basis for an exceptional sentence below the standard range. It exercised its discretion by considering the facts and concluding that no basis for an exceptional sentence existed.[2]

---

[2] Except when it imposes an exceptional sentence, the court is not required to set forth the reasons for its sentencing decision within the standard range. RCW 9.94A.535.

Because the court did not fail to exercise its discretion, it did not abuse its discretion. Therefore, Nemetz has failed to establish any "fundamental defect resulting in a complete miscarriage of justice." *Elmore*, 162 Wn.2d at 251. We deny his petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, J.

Sutton, A.C.J.

7