# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58219-8-II |
| Respondent, | |
| v. | |
| PATRICIA MINAKO TEAFATILLER, | PUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—After she was released from prison, Patricia Teafatiller moved to waive all remaining interest on her fully paid legal financial obligations and restitution. She also sought a refund of the interest payments already made while she was incarcerated. The trial court entered an order finding that Teafatiller had paid the principal balance of legal financial obligations and restitution in full, and the court waived all remaining interest on both. The trial court also found that there was no established funding or any mechanism for refunding interest amounts already paid, and the trial court denied that portion of Teafatiller's motion.

Teafatiller appeals the portion of the trial court's order denying her motion for a refund. She argues that the trial court failed to exercise its discretion. We disagree and affirm.

## FACTS

After completing her prison sentence, Teafatiller filed a motion to waive remaining interest on her fully paid legal financial obligations and restitution that were ordered as part of her 1996

judgment and sentence. Teafatiller also requested that the court refund the $1,519.11 in interest she had already paid. The trial court initially granted Teafatiller's motion in full.

Approximately two weeks later, the trial court, on its own motion, issued an order vacating the portion of its previous order that granted Teafatiller's request for a refund of interest already paid. When Teafatiller inquired as to who requested review of the original order, the trial court responded, "After entry of the order, the clerk made the court aware that the order, as written, was unenforceable. This is because the clerk cannot refund already paid interest. Further, the process developed between the court and the [prosecuting attorney's] office was not followed." Clerk's Papers (CP) at 76-77.

Teafatiller filed a motion for reconsideration. The trial court held a hearing and heard argument from Teafatiller's counsel. After taking the issue under advisement, the trial court ultimately entered an order waiving the remaining interest, but the trial court denied Teafatiller's request for a refund of the interest she had already paid. The trial court explained:

> The court finds it has discretion to refund the interest amount already paid. The court further finds that while it may be consistent with legislative policy to refund those payments to the Defendant as of this writing, the State has not established a mechanism for doing so. Local county clerks have no funds to reimburse.

CP at 104-05.

Teafatiller appeals.

## ANALYSIS

Teafatiller argues that the trial court's order denying her request for a refund of already-paid interest must be reversed because the trial court failed to exercise its discretion. We disagree.

Teafatiller likens this case to *State v. Grayson* where the Washington Supreme Court held that the categorical refusal to consider an exceptional sentence is reversible error. 154 Wn.2d 333,

58219-8-II

342, 111 P.3d 1183 (2005). But *Grayson* is distinguishable. Defendants are entitled to ask the trial court to consider an exceptional sentence below the standard range and have it actually considered according to the standards set forth in the Sentencing Reform Act of 1981, ch. 9.94A RCW. *State v. Garcia-Martinez*, 88 Wn. App. 322, 329, 944 P.2d 1104 (1997). Unlike an exceptional sentence, there is currently no statute or law establishing a defendant's right to request a refund of interest payments or requiring the trial court to consider such a request. Rather, the law specifically provides, "Nothing in this act requires the courts to refund or reimburse amounts previously paid towards legal financial obligations or interest on legal financial obligations." LAWS OF 2018, ch. 269, § 20; LAWS OF 2022, ch. 260, § 25; LAWS OF 2023, ch. 449, § 22.

Moreover, Teafatiller's characterization of the trial court's decision as a failure to exercise its discretion is misplaced. Teafatiller is correct that nothing in the relevant statutes expressly prohibits trial courts from granting a request to refund interest already paid on legal financial obligations or restitution. But the trial court considered her request for a refund, considered the current legislative policy surrounding legal financial obligations for indigent defendants, and decided not to grant a refund where no legislative mechanism or funding to do so exists. The legislature could choose to fund refunds of interest already paid on legal financial obligations and/or restitution, but until it does, recognition that ordering a refund would place a financial burden on the county is a legitimate consideration absent a constitutional or statutory entitlement to a refund. The trial court did not fail to exercise its discretion, and it did not err when it declined to order a refund in this case.

3

CONCLUSION

We affirm.

GLASGOW, J.

We concur:

MAXA, P.J.

PRICE, J.