# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73430-0-I |
| | ) | (consolidated with No. 73431-8-I |
| Respondent, | ) | and No. 73432-6-I) |
| | ) | |
| v. | ) | DIVISION ONE |
| | ) | |
| | ) | UNPUBLISHED OPINION |
| CHRISTOPHER ALLEN NAKAMURA, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 7, 2016 |

TRICKEY, J. — Christopher Nakamura appeals the trial court's decision to impose a standard range sentence instead of a prison-based drug offender sentencing alternative (DOSA). Nakamura claims that the court did not meaningfully consider his request for a DOSA. We affirm because the trial court did consider Nakamura's request and exercised its discretion to impose a standard range sentence instead of a DOSA.

## FACTS

Christopher Nakamura was charged with possession of a controlled substance, possession of a controlled substance with intent to manufacture or deliver, and possession of a stolen vehicle. He entered the Snohomish County Superior Court adult drug treatment court (ADTC) program for all three crimes in February 2013. In January 2015, the court terminated him from the ADTC program because of a failed urinary analysis (UA) that would have required "him to be in drug court beyond the 24 month maximum."[1]

The case proceeded to a bench trial on agreed documentary evidence. The

---

[1] Clerk's Papers (CP) at 38, 151, 241.

court found Nakamura guilty on all three charges. The court agreed to delay sentencing so that the Department of Corrections (DOC) could evaluate Nakamura's eligibility for a DOSA. The DOC concluded that Nakamura was eligible for a DOSA, but found that he was "a questionable candidate for a DOSA sentence" and recommended a standard range sentence instead.[2]

At sentencing, the State agreed with the DOC's recommendation and urged the court to impose a sentence at the high end of the standard range. Nakamura argued that he would benefit from a DOSA and had eleven friends and family members testify on his behalf.

In its oral ruling, the court noted that, despite failing the UA, Nakamura maintained that he had not used any drugs. The court commented that it did not think that there was a point to placing Nakamura in treatment, because Nakamura would not admit that he had been using. It denied Nakamura's request and sentenced him to a high end standard range for each of his charges.

Nakamura appeals.

## ANALYSIS

Nakamura argues that the trial court did not meaningfully consider his request for a DOSA. We reject this argument because the record shows that the trial court did consider the request but exercised its discretion to deny it.

For eligible offenders, the court may impose a DOSA instead of a standard range sentence. RCW 9.94A.660. For a prison-based DOSA, the offender serves "one-half the midpoint of the standard range or twelve months, whichever is

---

[2] CP at 316-17.

2

greater" in a state facility and the other half in community custody, "which must include appropriate substance abuse treatment" in an approved program. RCW 9.94A.662(1)(a),(b). While incarcerated, the offender receives appropriate substance abuse treatment. RCW 9.94A.662(2). If the offender willfully violates the conditions of his community custody or is terminated from the program, he may be required to serve the rest of his sentence. RCW 9.94A.662(3).

Generally, defendants may not seek review of a sentencing court's discretionary decision not to grant a DOSA. State v. Bramme, 115 Wn. App. 844, 850, 64 P.3d 60 (2003). But a defendant may appeal his sentence if the "court refuse[d] to exercise its discretion at all." State v. Smith, 118 Wn. App. 288, 292, 75 P.3d 986 (2003). Every eligible defendant is entitled to request a DOSA and have the court actually consider that request. State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). The failure to consider a DOSA "is effectively a failure to exercise discretion and is subject to reversal." Grayson, 154 Wn.2d at 342.

Here, the trial court meaningfully considered whether to grant Nakamura's request for a DOSA. The oral ruling shows that the trial court decided to deny Nakamura's request primarily because the judge believed that, given Nakamura's denial of his recent drug use, he was not amenable to treatment:

> You don't need treatment because you claim you didn't use. So you want to take up bed space in a therapeutic setting where you will maintain that you didn't use. How is that beneficial to any other participants who readily admit that they did use? But you're there saying you didn't use. It's hard for me to give you that opportunity, I can't do it.[3]

Accordingly, we affirm the trial court's exercise of discretion.

---

[3] Verbatim Report of Proceedings (April 17, 2015) at 22-23.

Nakamura argues that the trial court abused its discretion because it "relied solely on Mr. Nakamura's negative conduct" and "refused to consider Mr. Nakamura's positive achievements after his termination from drug court."[4] We have previously held that "[f]ailure of a candidate to successfully complete drug court . . . is a tenable basis for the exercise of the court's discretion to decline to grant a DOSA." Smith, 118 Wn. App. at 292. The trial court properly considered Nakamura's performance in ADTC, instead of his efforts after termination.

Further, there is no reason to believe that the court ignored Nakamura's successes or "conflated the standards for termination from drug court with the person's eligibility for a DOSA."[5] The court heard testimony and read letters from many of Nakamura's friends and family explaining why they believed Nakamura could benefit from a DOSA. But the court also received the DOC's assessment that, although Nakamura was eligible for a DOSA, it recommended that the court impose a standard range sentence. Finally, the court drew on its own experiences with Nakamura in drug court. It decided not to grant Nakamura's request. This was not error.

Affirmed.

Trickey, J.

WE CONCUR:

---

[4] Br. of Appellant at 5-6.
[5] Br. of Appellant at 6.

4