# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,            )
                               )        No. 76633-3-I
            Respondent,         )
                               )        DIVISION ONE
    v.                          )
                               )        UNPUBLISHED OPINION
DAVID WAYNE LEMKE,              )
                               )
            Appellant.          )        FILED: December 3, 2018
                               )
_____)

BECKER, J. — Appellant David Lemke seeks reversal of the standard range sentence that was imposed when he was terminated from drug court. He argues that the trial court failed to consider his eligibility for a residential DOSA (Drug Offender Sentencing Alternative). Because the record indicates that the judge's refusal to consider a DOSA was influenced by personal animus toward the defendant, we reverse and remand for resentencing before a different judge.

On January 4, 2017, the State filed an amended information charging Lemke with two counts of possession of methamphetamine and one count of shoplifting (retail theft with special circumstances), stemming from arrests two months earlier. Lemke pleaded not guilty. He was admitted to Adult Drug Treatment Court that same day. He signed an agreement stating that if he was terminated from drug court, a judge, not a jury, would decide his guilt and the State would recommend a sentence of 24 months' incarceration and 12 months' community custody.

Lemke appeared for progress hearings. The record of these hearings shows the judge becoming increasingly pessimistic about the chances of Lemke's success in drug court and increasingly disappointed with Lemke's lack of commitment to the goal of staying clean and sober. During hearings to assess Lemke's progress, the court admonished him for missing treatment sessions and having "dirty" and diluted urinalysis results, among other problems. Lemke gave excuses the judge found unpersuasive. The judge sanctioned Lemke with brief jail stays and work crew and ordered him to attend daily treatment meetings. The judge warned Lemke that if he did not change his behavior, he would be terminated from drug court.

During a hearing on February 24, 2017, Lemke reported that he had a sore shoulder from being on work crew. The judge told him he could "stop with the shoulder bullshit now." Lemke admitted he had been drinking and said he needed anger management counseling. The judge said, "I think you're a fucking addict and maybe you need treatment. I don't think it's got nothing to do with anger management. You think I'll give you anger management and that's going to get you clean and sober? . . . What the hell are you talking about?" The judge said, "You can't even give me a clean date you're so fucked up."

On March 3, 2017, the judge discussed with Lemke the results of two "diluted" urinalysis results that indicated Lemke was masking his continuing drug use. The judge said, "I'm starting to get a little bit pissed as I think about it more and more. I'd rather you just use rather than lie to me through masking."

2

Later that month, Lemke missed a court date. The court issued a warrant for his arrest. Lemke tried to quash the warrant during a court hearing on March 15, 2017. The judge asked Lemke if he was "on oxycodone." Lemke responded, "Yeah." The judge told Lemke that the warrant would not be quashed and he would be taken into custody and "terminated from drug court." At another hearing two days later, the judge explained that he believed Lemke was lying about why he missed the court date. He said to Lemke, "You're a manipulator. . . . And I am done with you." He ordered Lemke to return in a week for termination from drug court and sentencing. The judge noted that the charges against Lemke were two counts of possession of a controlled substance and shoplifting. "So not only is he an addict, he's also a liar and thief. Done."

At the hearing a week later on March 24, 2017, the judge articulated his reasons for terminating Lemke from drug court: "Continued use, lying to the Court, inability to follow protocols." The judge then found Lemke guilty of the charged crimes.

At this point, defense counsel interjected, "Before we proceed, the one thing that we ought to observe is that he is eligible for a residential DOSA." DOSA stands for Drug Offender Sentencing Alternative. A residential DOSA is a treatment-based alternative to a standard range sentence available to nonviolent drug offenders when deemed appropriate by the trial court. RCW 9.94A.660(3). The judge said, "I'm not giving him a residential DOSA."

The judge imposed a standard range sentence of 24 months' confinement and 12 months' community custody. He remarked on Lemke's 30-year criminal

history beginning at age 14. "You, sir, are just a criminal, that's all you are, you're just a criminal. Do you have issues? Yep, you do. Are you going to deal with them? No, you're not. . . . You, the odds say, are going to die in prison."

Lemke appeals his sentence.

Generally, a court's decision whether to grant a DOSA is not reviewable. State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Exceptions are if the trial court refused to exercise discretion at all or relied on an impermissible basis in making the decision. State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997), review denied, 136 Wn.2d 1002, 966 P.2d 902 (1998). "While no defendant is entitled to an exceptional sentence below the standard range, every defendant is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." Grayson, 154 Wn.2d at 342. A trial court's failure to meaningfully consider a sentencing alternative is reversible error. Grayson, 154 Wn.2d at 342.

Lemke contends the judge denied his request for a DOSA without a meaningful inquiry, based in part on openly expressed personal animosity toward Lemke. The State responds that it is "clear" that the court grounded its denial in an assessment that Lemke was not amenable to treatment.

Judges have a duty to conduct themselves with respect for those they serve, including the litigants who come before them. "A judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute." Code of Judicial Conduct, Canon 2 cmt. 1.

4

Epithets and slurs are manifestations of bias or prejudice. Code of Judicial Conduct, Canon 2 cmt 2.

No judge wielding the power of the State in any courtroom has any good reason to call a litigant a "fucking addict" and "just a criminal." The judge's manifestation of personal animosity toward Lemke is not something we can write off as a byproduct of the informal and confrontational culture of drug court. A "fair trial in a fair tribunal is a basic requirement of due process." In re Murchison, 349 U.S. 133, 136, 75 S. Ct. 623, 99 L. Ed. 942 (1955). The sentence must be reversed.

At resentencing, the court will follow State v. Ramirez, ___ Wn.2d ___, 426 P.3d 714 (2018), in imposing legal financial obligations. In response to a supplemental assignment of error and supplemental brief filed by Lemke concerning Ramirez, the State conceded that the $200 criminal filing fee, the $100 DNA fee, and the $900 drug court fee should not be imposed.

Reversed and remanded for resentencing before a different judge.

Becker, J.

WE CONCUR:

5