**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53195-0-II |
| Respondent, | |
| v. | |
| CHRISTOPHER JAMES ROBERSON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Christopher James Roberson failed to stop at a stop sign and police officers attempted to pull him over. Roberson led police on a high speed car chase onto Interstate 5. During the chase, Roberson narrowly avoided hitting a police officer who attempted to lay out stop sticks. Roberson ultimately pleaded guilty to attempting to elude a pursuing police vehicle with an enhancement based on endangerment of one or more persons. The superior court imposed a standard range sentence following the parties' joint recommendation.

Roberson appeals his standard range sentence and argues that the superior court abused its discretion by failing to consider an exceptional downward sentence based on Roberson's mental condition, even though neither party asked for an exceptional sentence. In a statement of additional grounds for review (SAG), Roberson also argues that the superior court erred by denying him a referral to Felony Mental Health Court. We disagree and affirm.

FACTS

Around noon one day in May 2018, two uniformed police officers were on patrol in their unmarked police SUV. The officers saw Roberson approach a stop sign at a high speed, go into a sideway drift as he ran the stop sign, and begin fishtailing as he skidded around the corner.

Roberson accelerated away from the officers as the officers made a U-turn and pursued him. Roberson began passing vehicles on the shoulder and in oncoming lanes of traffic. The officers activated their emergency lights and siren, but Roberson continued to accelerate. The high speed pursuit continued onto the interstate where Roberson accelerated to over 100 miles per hour, weaving between traffic. Roberson briefly exited, then attempted to reenter, the interstate. A fully marked police vehicle with its emergency lights activated was on the ramp onto the interstate as an officer attempted to deploy stop sticks. Roberson swerved to avoid striking the stop sticks and narrowly avoided hitting the officer.

The pursuit came to an end when a State Patrol vehicle made a successful precision immobilization technique (PIT) maneuver.[1] A passenger in Roberson's vehicle, Leonard Hahn, told police officers that he yelled at Roberson several times to stop and that he was scared for his life. Roberson yelled that he did not want to go to jail, but otherwise was detained without further incident.

The State initially charged Roberson with attempting to elude a pursuing police vehicle, violation of a no contact order, and third degree driving while his license was in suspended or revoked status. Roberson ultimately pleaded guilty to attempting to elude a pursuing police vehicle with an enhancement based on endangerment of one or more persons. In his plea, he stated:

> On 5-17-18 in Pierce County WA, I was driving a car on the public roadways when I observed a uniformed officer in a vehicle equipped with police lights and sirens signal me with police emergency lights to stop. I willfully decided not to stop, and tried to escape the pursuing officers by driving in a reckless manner (high speeds, dangerous lane travel, ignoring traffic control devices, etc.) as multiple police vehicles joined in my pursuit. During the pursuit my dangerous driving behaviors

---

[1] A PIT maneuver is an attempt to disable a vehicle by using the front end of one vehicle to hit the back of the other vehicle to spin it and stop it.

endangered persons other than myself and the pursuing officers, including other motorists around me and [Detective] Yabe (who was on foot and trying to lay down spike strips and was almost injured by the dangerous driving maneuver I used to avoid the spikes.

Clerk's Papers (CP) at 14. The charge carried a standard range of zero to 90 days, and the enhancement required an additional 12 months and 1 day sentence.

At sentencing, Roberson's defense counsel and the State made a joint recommendation of 12 months and 1 day—a standard range sentence. Roberson's defense counsel told the court that the defense and the State had "spent a good deal of time hammering out the particulars in this case," and requested that the trial court adopt the recommendation. Verbatim Report of Proceedings (VRP) (Jan. 9, 2019) at 8.

Hahn, the passenger in Roberson's car during the incident, submitted several written statements to the trial court and addressed the court at the sentencing hearing. Hahn requested that the trial court prioritize Roberson's treatment for mental health issues and impose a sentence of time served. The trial court thanked Hahn for his comments and stated, "You do understand the legislature decides the length of time. I'm not a knight-errant." *Id.* at 7. The trial court also explained that it was not the mental health court coordinator.

Roberson addressed the trial court and stated that he had learned his lesson and "should have just pulled over." *Id.* at 9. He told the court that he looked forward to "getting this over with and behind me and getting back into some sort of recovery-based treatment program." *Id*. The trial court asked Roberson about his treatment up to that point, and Roberson responded that he had been receiving mental health care even though he was "denied mental health court." *Id.* at 10. He told the court:

I thought it would be more important for me to get my mental health in check because of the simple fact that I was having sort of an episode at the time that all this had happened.

It kind of got compounded into like me making the rash decision that I did. And having given thought about it, you know, I was like maybe I should just go to treatment, period, with or without your guys' incentive.

. . . .

I mean I know that I screwed up, and I know that I'm probably going to prison on all of this. That's okay because in the long run of it, when I get out of here, I'm going to get out, and I'm going to Greater Lakes, and I'm going to do everything that I need to do to worry about me and making myself better.

*Id.*

The court adopted the joint recommendation, explaining:

I understand that there have been mental health issues that may have manifested themselves here.

I also understand that there was an agreed upon sentence that has an enhancement, and that relates to both your decision and the State's decision about what kind of a deal they are going to offer and whether they are going to prosecute you and for what crime. I don't think it's my place here to jump into that at this late stage of the game.

*Id.* at 12.

Roberson filed a timely notice of appeal to this court seeking review of "the decision of the Superior Court to deny therapeutic court without a hearing before the authorized judge." CP at 34. He attached his judgment and sentence to the notice of appeal, but he did not attach any court order or any other decision denying his request to participate in mental health court.

4

ANALYSIS

A.     Roberson's Notice of Appeal

As an initial matter, the State argues that we should dismiss Roberson's appeal because Roberson seeks review of a decision that was not identified in his notice of appeal. Roberson's notice of appeal states that he seeks review of "the decision of the Superior Court to deny therapeutic court without a hearing before the authorized judge." CP at 34. Roberson's appellate brief does not address this decision and instead focuses entirely on the trial court's decision to impose the jointly-recommended standard range sentence. The State contends that Roberson's limited notice of appeal was insufficient to appeal his standard range sentence because it did not mention the sentence imposed by the superior court.

RAP 5.3(a) requires that a notice of appeal (1) be entitled a notice of appeal, (2) specify the party seeking review, (3) "designate the decision *or part of decision*, which the party wants reviewed," and (4) contain the "name [of] the appellate court to which the review is taken." (Emphasis added.) RAP 5.3(a) provides that the party filing the notice of appeal "should attach to the notice of appeal a copy of the signed order or judgment from which the appeal is made." RAP 5.3(a) also directs the trial court clerk to "attach a copy of the judgment and sentence" with the notice of appeal if a criminal defendant appeals but is unrepresented at the time.

"Nothing in RAP 5.3 requires a complete listing in the notice of appeal of the issues to be reviewed." *Stevens v. Gordon*, 118 Wn. App. 43, 58, 74 P.3d 653 (2003). And although RAP 5.3(a) permits a party to limit their appeal to only a portion of a trial court's decision, "[t]he appellate court will disregard defects in the form of a notice of appeal or a notice for discretionary review if the notice clearly reflects an intent by a party to seek review." RAP 5.3(f).

5

Here, Roberson attached a copy of the judgment and sentence to his notice of appeal. Although the language he used in the contents of his notice of appeal referred only to a superior court decision denying participation in therapeutic court, he otherwise satisfied the minimal requirements in RAP 5.3(a) for obtaining review of his judgment and sentence. And his SAG addresses the issue specified in the notice of appeal. To the extent there is a defect in his notice of appeal, we disregard it and decline to dismiss the appeal.

B.       Roberson's Standard Range Sentence

Even though both parties jointly recommended the standard range sentence that the trial court adopted, Roberson now argues that the superior court abused its discretion by failing to recognize its ability to impose an exceptional downward sentence based on his mental condition. But Roberson never sought an exceptional downward sentence in the trial court. Moreover, the record shows that, after considering all the circumstances of the crime, including Roberson's mental health challenges, the superior court exercised its discretion and chose to impose a standard range sentence in accordance with the plea agreement reached by both parties.

A standard range sentence cannot normally be appealed. RCW 9.94A.585(1). A defendant may challenge a standard range sentence on appeal where the trial court categorically refused to impose an exceptional sentence below the standard range under any circumstances. *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

Here, Roberson did not request an exceptional downward sentence at his sentencing hearing. Rather, the record reflects that Roberson urged the superior court to accept the joint recommendation made by defense counsel and the State in the course of plea negotiations and

ultimately adopted by the court. Absent any request for an exceptional downward sentence, we cannot conclude that the trial court categorically refused to consider one.

Nor did Roberson put forth any evidence that an exceptional sentence was warranted. A superior court may impose an exceptional downward sentence based on a defendant's mental condition under RCW 9.94A.535(1)(e). To qualify for a downward departure under RCW 9.94A.535(l)(e), the record must establish not only the existence of the mental condition, but also a connection between the condition and significant impairment of the defendant's ability to appreciate the wrongfulness of their conduct or to conform their conduct to the requirement of the law. *State v. Schloredt*, 97 Wn. App. 789, 802, 987 P.2d 647 (1999). RCW 9.94A.535(1)(e) requires the defendant to show by a preponderance of the evidence that their mental condition prevented them from appreciating the wrongfulness of their conduct. On appeal, Roberson claims he suffered a posttraumatic stress disorder (PTSD) episode during the high speed chase with law enforcement. But nothing in the record supports this contention. PTSD was never mentioned below. The only evidence of any mental condition was Roberson's statement that he wanted to get his mental health in check and had been referred for treatment.

Moreover, the record does not contain any indication that the superior court misunderstood its authority to impose an exceptional sentence. Roberson makes much of the trial court's statement that it was "not a knight-errant." *See* VRP (Jan. 9, 2019) at 7. But Roberson takes this statement out of context. The statement was in response to Hahn's request that the superior court refer Roberson to mental health court instead of prison. The comment was not part of the superior court's ruling on sentencing.

Roberson also argues that the superior court misunderstood its authority to impose an exceptional sentence because it erroneously believed the endangerment enhancement was mandatory under RCW 9.94A.533(11).[2] But nothing in the record suggests that the superior court imposed Roberson's standard range sentence because it believed it was bound by statute. Rather, the superior court indicated it was imposing the sentence based on the joint recommendation of the State and Roberson. Because the record does not contain any indication that the superior court misunderstood its discretion, we hold that the superior court did not abuse its discretion by imposing a standard range sentence.

Roberson also argues that this court should hold that the endangerment enhancement is not mandatory. Because the superior court accepted the joint recommendation, it did not rule on the mandatory nature of the endangerment enhancement, nor did Roberson make any argument on this issue below. Whether the enhancement was mandatory was not relevant to the trial court's decision on sentencing, and we do not address this issue on appeal.

C.      Statement of Additional Grounds for Review

In his SAG, Roberson argues that the superior court erred by denying him participation in Felony Mental Health Court as a prison alternative. But the record on appeal does not contain any such decision. The only references to mental health court at the sentencing hearing occurred when (1) Hahn urged the superior court to permit Roberson to proceed to mental health court and the

---

[2] Former RCW 9.94A.533(11) (2016) states:

> An additional twelve months and one day shall be added to the standard sentence range for a conviction of attempting to elude a police vehicle as defined by RCW 46.61.024, if the conviction included a finding by special allegation of endangering one or more persons under RCW 9.94A.834.

superior court explained that it was not the mental health court coordinator, and (2) Roberson told the superior court he had been denied participation in mental health court. We do not consider claims based on evidence outside the record in a direct appeal. *State v. McFarland*, 127 Wn.2d 322, 338, 899 P.2d 1251 (1995). Accordingly, we do not address Roberson's SAG argument.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Cruser, J