IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 81296-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| HAROLD CHARLES BALLARD, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Harold Charles Ballard argues the court improperly rejected the parties' agreed recommendation for a drug offender sentencing alternative (DOSA). Because the trial court properly exercised its discretion to sentence Ballard to a standard-range sentence, the court did not err. But we remand for the trial court to recalculate Ballard's offender score and resentence him considering our Supreme Court's decision in State v. Blake, 197 Wn.2d 170, 481 P.3d 521 (2021).

FACTS

Police observed Ballard punch his girlfriend Mekisha McKenna outside a motel room. McKenna fell backward into the room with Ballard on top of her. McKenna yelled " 'No, stop.' " When police approached and detained Ballard, he said, " 'No, Keisha . . . tell them it didn't happen.' " McKenna replied, " 'You hit me.' "

Citations and pin cites are based on the Westlaw online version of the cited material.

The State charged Ballard with domestic violence felony violation of a no-contact order, as well as second degree assault and tampering with a witness with domestic violence designations. All three counts included the aggravating factor that the domestic violence offenses were part of an ongoing pattern of abuse. After plea negotiations, Ballard pleaded guilty to only third degree domestic violence assault with no aggravating factor.

As part of the plea agreement, the parties jointly recommended a prison-based DOSA. The parties argued the DOSA was appropriate because the "incident was heavily affected by substance abuse." Aside from DOSA substance use disorder treatment, Ballard agreed to enter and complete a separate domestic violence treatment program "such as Moral Reconation Therapy [(MRT)] or Thinking for a Change."

The trial court accepted Ballard's plea but rejected the DOSA recommendation. The court reasoned:

> I really respect the plea bargaining in this case, but I will point out that the plea here was a big reduction from the original charges to begin with, and I just do not feel bound by the party's [sic] agreement to impose a prison-based DOSA, nor do I believe it would serve community safety. Nor do I believe it's a frugal or efficient use of state resources.

Instead, the court imposed a low-end standard-range sentence of 22 months based on Ballard's offender score of 6. Ballard appeals.

ANALYSIS

DOSA

Ballard claims the sentencing court "relied on untenable bases to categorically reject the DOSA sentence." We disagree.

2

The DOSA program authorizes trial judges to sentence eligible drug users to reduced confinement time in exchange for their participation in substance use disorder treatment and increased supervision to assist in recovery from addiction. State v. Grayson, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005); see RCW 9.94A.660.  A defendant is not entitled to a DOSA but "is entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." Grayson, 154 Wn.2d at 342.  Generally, a trial judge's decision whether to grant a DOSA is not reviewable.  State v. Lemke, 7 Wn. App. 2d 23, 27, 434 P.3d 551 (2018).  But a defendant may seek appellate review "if the trial court refused to exercise discretion at all or relied on an impermissible basis in making the decision." Lemke, 7 Wn. App. 2d at 27.  When a defendant requests a sentencing alternative authorized by statute, the court's categorical failure to consider the request is an abuse of discretion and reversible error.  Grayson, 154 Wn.2d at 342.

Ballard challenges his sentence as a categorical denial of his request for a DOSA on two grounds.  First, Ballard argues that the trial court refused his request for a DOSA because his offense did not involve drug use.[1]  In support of his claim, he points to the court's statement during sentencing that "there's nothing in this record that indicates that drugs had — or drug use or alcohol use, or really any substance, had anything to do with this."  But Ballard takes the court's comment out of context.  The trial court did not determine Ballard was ineligible for a DOSA because the offense was not drug related.  Instead, the

---

[1] Conviction on a drug related offense is not required for DOSA eligibility.  See RCW 9.94A.660(1).

court cited the lack of drug use as one factor it considered in an assessment of whether Ballard would benefit from a DOSA sentence.

The court concluded Ballard would not benefit from a DOSA sentence because substance use disorder treatment would not adequately address Ballard's domestic violence issues as evidenced by his significant history of domestic violence related crimes. The trial court noted:

> [T]here are a lot of people with substance abuse and alcohol issues who do not come before us ever for domestic violence issues. If Mr. Ballard has a drug issue, and I'm not arguing with you about that, it's accompanying an ongoing domestic violence issue that has never been addressed.

After considering Ballard's five prior domestic violence convictions and 10 no-contact orders issued to protect six different women from him, the court concluded that Ballard had received a significant reduction in his sentence as a result of his plea bargain and a DOSA would not serve community safety or be an efficient use of resources. This was not an abuse of discretion.

Second, Ballard contends the court "categorically denied the DOSA based on matters outside the record and on ground that the contemplated legislatively-authorized treatment program was useless." He claims the trial court "deemed the DOSA program unavailable for persons whose other class of offenses, besides drug crimes, were domestic violence crimes, which the court believed the Department of Corrections did not have programs to treat."

Ballard compares his case to Grayson. In that case, the trial court refused a DOSA because it believed the program was underfunded and a DOSA would lead to a shortened sentence without treatment. Grayson, 154 Wn2d. at 337.

4

Our Supreme Court concluded it was reversible error for a trial court to "categorically refuse[ ] to consider a statutorily authorized sentencing alternative." Grayson, 154 Wn.2d at 342. According to Ballard, the court sentencing him relied on similarly flawed reasoning and "deemed the DOSA program impotent despite the legislature's establishment of this alternative sentencing scheme." We disagree.

Here, the trial court questioned the effectiveness of certain domestic violence treatment programs proposed by the parties as a condition of sentence separate from DOSA substance use disorder treatment. The court commented that "MRT or Thinking for a Change is completely not evidence-based" and "[t]here is absolutely no evidence that either one of those programs has any effect whatsoever on domestic violence offenders." But unlike the trial court in Grayson, the court's critique was not of the usefulness of the DOSA program itself, but whether the specific domestic violence programs recommended in addition to the DOSA substance use disorder treatment would benefit Ballard and the community. Nor did the court suggest it would not grant a DOSA sentence for any defendant charged with domestic violence crimes. Indeed, while the court expressed doubt about the programs recommended by the parties, it also recognized that "[t]here is a lot of competent evidence out there that an appropriate domestic violence batterer's treatment program would have an effect, but it doesn't look as though Mr. Ballard's attended one yet."

The court did not categorically deny Ballard's request for a DOSA sentence. We affirm his standard-range sentence.

5

Offender Score Calculation

The trial court sentenced Ballard based on an offender score of 6. The score included 1 point for felony drug possession in violation of the uniform controlled substances act, chapter 69.50 RCW. After our Supreme Court held the strict liability drug possession statute RCW 69.50.4013(1) unconstitutional and void in Blake, Ballard moved to assign additional error to the calculation of his offender score and resulting sentence. See Blake, 197 Wn.2d at 195. A commissioner of this court granted the motion and the State responded. The State concedes that because the Supreme Court denied its motion to reconsider the retroactive effect of Blake, the court must resentence Ballard with a corrected offender score.

We affirm the trial court's standard-range sentence for third degree domestic violence assault but remand for recalculation of Ballard's offender score and resentencing.

_____
Brennan, J

WE CONCUR:

_____          _____
Mann, C.J.                        Appelwick, J.

6