# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57425-0-II |
| Respondent, | |
| v. | |
| ERICA RICARIA DOYLE, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. — Erica R. Doyle appeals the trial court's denial of her request to be sentenced to a residential-based drug offender sentencing alternative (DOSA). Because the trial court did not rely on an impermissible basis in imposing a prison-based DOSA instead of a residential-based DOSA, we affirm.

### FACTS

Doyle pled guilty to residential burglary and theft in the third degree. In her plea statement, Doyle agreed that the State would recommend a prison-based DOSA and she would request a residential-based DOSA. After accepting Doyle's plea, the trial court ordered a residential DOSA screen and presentence examination.

During the sentencing hearing, the trial court noted that it had presided over a factfinding hearing in a dependency action involving Doyle's daughter. The court stated that it "would not consider anything from the previous case in this case and will make a decision solely on what is in front of me in this case." Rep. of Proc. (RP) (Sept. 21, 2022) at 7.

As established in the plea agreement, the State requested a prison-based DOSA based on Doyle's "lengthy history" of "committing crimes over and over and over again." RP (Sept. 21, 2022) at 7. The State also noted that Doyle had "a significant substance abuse problem," which could be the cause of her criminal activity. RP (Sept. 21, 2022) at 8-9. The State argued that based on the facts of the case, if Doyle did not receive any prison time, it would "violate the community norms and respect for the rule of law." RP (Sept. 21, 2022) at 9. And that she received the benefit of a plea bargain already because she would have been "looking at a much heftier sentence than what she's looking at now." RP (Sept. 21, 2022) at 10.

Doyle requested a residential-based DOSA, arguing she would be more successful at treatment if not incarcerated and she would be able to have physical access to her daughter.

The trial court agreed with the parties that a DOSA was appropriate. The court stated that it considered both parties' recommendations and the DOSA residential screen and presentence examination report. The court pointed to a statement in the DOSA report, which provided that "[Doyle] appears to [be] largely externally motivated to engage in treatment services by DOC." RP (Sept. 21, 2022) at 36; Clerk's Papers at 36. The court also pointed to Doyle's plea agreement and that she received the benefit of pleading guilty because the State dismissed other pending charges. Lastly, the court noted that it considered Doyle's lengthy criminal history and the facts of the case. The court noted that Doyle burglarized the home and then returned to the home after police left to retrieve belongings. The court found her actions to be "shocking, brazen, audacious . . . [a]nd it would not be appropriate under those circumstances for me to allow you to remain in the community." RP (Sept. 21, 2022) at 37.

The trial court also commented that it would have been helpful to know whether Doyle completed services offered in the dependency action but the court did not "have any dependency review orders or any indication . . . as to [Doyle's] level of compliance with the services." RP (Sept. 21, 2022) at 33. The court noted that it received a letter from a social worker that was addressed to Doyle and set forth the offered services in the dependency matter, but the letter did not address clearly whether Doyle was actively engaged in services. The court then stated, "so I won't consider that." RP (Sept. 21, 2022) at 35.

Ultimately, the trial court found that Doyle had a chemical dependency that contributed to the offenses. The court imposed a prison-based DOSA, sentencing Doyle to 12.75 months confinement with 12.75 months on community custody. Doyle appeals.

ANALYSIS

Doyle contends that the trial court erred in denying her request for a residential-based DOSA and instead imposing a prison-based DOSA. She argues that the trial court wrongly relied on her dependency action when ordering a prison-based DOSA. We disagree.

"The DOSA program allows the trial court 'to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision in an attempt to help them recover from their addictions.'" *State v. Yancey*, 193 Wn.2d 26, 31, 434 P.3d 518 (2019) (quoting *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005)). The trial court may impose either a prison-based DOSA or a residential-based DOSA. RCW 9.94A.660(3); *Yancy*, 193 Wn.2d at 31.

Generally, a court's decision whether to grant a DOSA is not reviewable. *Grayson*, 154 Wn.2d at 338. Exceptions are if the trial court refused to exercise discretion at all or relied on an impermissible basis in making the decision. *State v. Lemke*, 7 Wn. App. 2d 23, 27, 434 P.3d 551 (2018).

3

Without citation to authority, Doyle argues that consideration of her compliance with services in her dependency matter is an improper consideration when deciding whether to impose a residential or prison-based DOSA. Assuming that this is correct, the facts do not support that this occurred. Here, the trial court noted that it had presided over a fact-finding hearing in a dependency action involving Doyle's daughter. But the court made clear that it "would not consider anything from the previous case in this case and will make a decision solely on what is in front of me in this case." RP (Sept. 21, 2022) at 7. Later the court commented that it would have been helpful to know whether Doyle completed services offered in the dependency action but the court did not "have any dependency review orders or any indication . . . as to [Doyle's] level of compliance with services." RP (Sept. 21, 2022) at 33. The court noted that it received a letter from a social worker that was addressed to Doyle but the letter did not clearly address whether Doyle was actively engaged in services. The court then stated "so I won't consider that." RP (Sept. 21, 2022) at 35.

Based on the above, Doyle fails to show that the trial court relied on an impermissible basis to overcome the unappealable nature of her DOSA sentence. *See Grayson*, 154 Wn.2d at 338; *Lemke*, 7 Wn. App. 2d at 27. For this reason, we affirm the trial court's prison-based DOSA sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Maxa, P.J.

Lee, J.