# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59758-6-II |
| Respondent, | |
| v. | |
| CURTIS MANDELL JACKSON, JR., | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Curtis Jackson appeals the superior court's imposition of a 72-month sentence following his guilty plea to one count of residential burglary. Jackson raises two issues on appeal. First, he argues that the court erred in denying his request for a Drug Offender Sentencing Alternative (DOSA) based on impermissible reasons. Second, Jackson argues that the court erred in categorically denying his request for a Mental Health Sentencing Alternative (MHSA). Because the court did not abuse its discretion in denying the DOSA, and Jackson failed to develop the record for adequate review of the MHSA, we affirm the superior court's sentence.

FACTS

I.     BACKGROUND

Jackson has struggled with substance abuse most of his life. Initially, he drank beer and smoked marijuana. After enlisting in the military, he drank hard liquor and smoked cigarettes. Jackson was deployed to Afghanistan in 2007, and he began to drink more frequently and smoke hash. After returning, he suffered from Post-Traumatic Stress Disorder (PTSD), anxiety, and

depression. This caused him to turn to harder substances, including methamphetamine, opiates, and fentanyl. Since 2009, Jackson has had several encounters with the law. He successfully completed drug court but continued to reoffend.

In 2023, Jackson pled guilty to four charges: three counts of unlawful possession of a stolen vehicle and one count of burglary in the second degree. Jackson was released from custody pending sentencing. On October 18, 2023, Jackson and another individual broke into a private residence in Lakewood. The property was vacant and pending sale. Officers arrived on the scene around 2:30 p.m. They searched the residence and did not find any signs of forcible entry. They did, however, observe that the door to the detached garage was broken. The officers found Jackson inside, asleep, next to another individual, and plastic baggies containing fentanyl and methamphetamine. After receiving his *Miranda*[1] warnings, Jackson acknowledged that he was unlawfully occupying the residence and was subsequently charged with residential burglary in violation of RCW 9A.52.025.

II.     GUILTY PLEA AND SENTENCING

Jackson appeared in the Pierce County Superior Court for a plea and sentencing hearing on November 9, 2023. The court acknowledged Jackson's DOSA request at the beginning of the hearing. Jackson pleaded guilty to one count of residential burglary, and the court proceeded with sentencing. The parties stipulated Jackson's offender score at nine points. At the beginning of the State's argument, it was noted that Jackson had previously requested the MHSA on the four other charges. Apparently, the MHSA was unavailable after the October 13 incident, and Jackson

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

decided to pursue a DOSA. This was the only mention of the MHSA.[2] The State asked the court to deny the DOSA and impose a sentence of 84 months to be served concurrently with all five charges.

Defense counsel argued for a prison-based DOSA, requesting 36 months in prison and 36 months in the community in Alabama, where Jackson's family lives. Counsel argued Jackson satisfied all requirements of RCW 9.94A.010, and explained that the DOSA would benefit Jackson because he had previously done "well in a very structured environment" with "close supervision." Rep. of Proc. (RP) at 21. Additionally, counsel argued that being with his family in Alabama would provide the additional support needed for recovery, illustrated by Jackson's spouse's testimony.

After hearing arguments from both sides and Jackson's testimony, the court denied the DOSA request and imposed a 72-month sentence. The court was "at a loss . . . to understand how a prison-based DOSA [was] going to assist [Jackson] in recovery." RP at 32. The court found it "troubling that [Jackson] continue[d] to offend," even after successfully completing drug court. RP at 30. The court discussed Jackson's recent criminal actions, noting how, while they were property crimes, they still "terrorized" the community and observed that his actions were a product of "the selfishness of addiction." RP at 30-31. When imposing the sentence, the court expressed hope that Jackson would complete his degree, get clean, and "come out being [a] contributing citizen and man." RP at 32.

Jackson timely appeals his sentence.

---

[2] Jackson discussed his mental health conditions at several stages of the sentencing hearing, but neither Jackson or defense counsel identified they were requesting the MHSA. Also, Jackson crossed out the relevant section for the MHSA in his plea agreement for the residential burglary charge.

ANALYSIS

I.    THE SUPERIOR COURT DID NOT ERR IN DENYING THE DOSA REQUEST

Jackson contends that the superior court erred in denying his DOSA request for impermissible reasons, abusing its discretion. We disagree.

Under RCW 9.94A.505(2)(a)(i), a court is ordinarily expected to impose a standard range sentence, but it "may deviate from the standard range in statutorily specified circumstances." *State v. Yancey*, 193 Wn.2d 26, 30, 434 P.3d 518 (2019). The DOSA program enables the court "to give eligible nonviolent drug offenders a reduced sentence, treatment, and increased supervision in an attempt to help them recover from their addictions." *State v. Grayson*, 154 Wn.2d 333, 337, 111 P.3d 1183 (2005). To qualify, a defendant must satisfy the requirements outlined in RCW 9.94A.660(1)(a)-(g). A court exercises "considerable discretion under" the Sentencing Reform Act, but "they are still required to act within its strictures and principles of due process of law." *Grayson*, 154 Wn.2d at 342. Therefore, "no defendant is entitled to an exceptional sentence below the standard range." *Id.* But they are "entitled to ask the . . . court to consider such a sentence and to have the alternative actually considered." *Id.*

Generally, a "judge's decision whether to grant a DOSA is not reviewable." *Id.* at 338. A defendant, however, "may always challenge the procedure by which a sentence was imposed." *Id.* A court abuses its discretion when it categorically "refuses to consider the alternative" or denies the request on impermissible factors, such as "the defendant's race, sex, . . . religion," *State v. Williams*, 199 Wn. App. 99, 112, 398 P.3d 1150 (2017), or personal animus, *State v. Lemke*, 7 Wn. App. 2d 23, 27-28, 434 P.3d 551 (2018).

4

Jackson identifies three "untenable" bases for the superior court's denial of the DOSA request. Br. of Appellant at 13-18. First, he argues the court incorrectly relied on the fact that Jackson previously completed drug court but continued to offend. Jackson relies on *State v. Smith*, 118 Wn. App. 288, 75 P.3d 986 (2003), arguing *Smith* precludes a court from considering prior success in a rehabilitative program. We disagree. *Smith* focused on the denial of a DOSA request based on the defendant's *prior failure* to complete drug court, holding that such a factor was permissible to consider. 118 Wn. App. at 292-94. Nowhere in *Smith* does the court say that a court cannot consider *prior success* with subsequent recidivism. *See id.* at 291-94. Moreover, "courts are not required to consider granting community-based treatment alternatives indefinitely." *Id.* at 293. Therefore, it was reasonable for the court to consider Jackson's prior success and subsequent recidivism because it may have supported the need for more intensive intervention, such as imprisonment.

Next, Jackson argues the court impermissibly categorized his residential burglary charge as a "violent" offense and that it "terroriz[ed] property owners." Br. of Appellant at 15. Not only does Jackson cite no authority supporting this argument,[3] but he misunderstands the record. The court specifically noted that Jackson's crimes *were not violent*. Also, the court correctly observed that while these were non-violent property crimes, they still impacted the community. Jackson focuses solely on the residential burglary charge, but Jackson had committed other crimes, including unlawful possession of a stolen vehicle and burglary in the second degree. The court expressed concern about the community, a factor enumerated in RCW 9.94A.660(5)(d). This was not improper.

---

[3] "Where no authorities are cited in support of a proposition, [courts are] not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligence*, 60 Wn.2d 122, 126, 373 P.2d 193 (1962).

Finally, Jackson argues the denial of the DOSA request "punishes him for being an addict," violating *Robinson v. California*, 370 U.S. 660, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962). Br. of Appellant at 16-17. We disagree. In *Robinson*, the United States Supreme Court held unconstitutional a California statute making the status of being an individual afflicted by substance abuse disorder a crime. 370 U.S. at 666-68. Here, the court's sentence does not implicate *Robinson* because the court's decision was not based solely on Jackson's substance abuse disorder; rather, it was based on the illegal conduct Jackson engaged in while he was under the influence of drugs. As a result, the court's comments regarding the "selfishness of addiction" do not rise to the level of an abuse of discretion.

The court did not base its denial on impermissible factors. In light of the totality of the record, the court engaged in a colloquy with the parties, illustrating its concern for Jackson's misconduct after completing drug court, the community's safety, and the benefit Jackson would derive from a DOSA. Even if Jackson may have qualified for the program, it is solely within the court's discretion to authorize this alternative. *See Grayson*, 154 Wn.2d at 342; RCW 9.94A.660. Nothing suggests the superior court abused its discretion by relying on impermissible factors. *See Williams*, 199 Wn. App. at 112; *Lemke*, 7 Wn. App. 2d at 27-28.

Therefore, the court did not err in denying Jackson's DOSA request.

III.   THE SUPERIOR COURT DID NOT ERR IN DENYING THE MHSA REQUEST

Jackson argues that the superior court erred in categorically denying his MHSA request. We disagree.

Generally, courts do not consider issues raised for the first time on appeal. *State v. McFarland*, 127 Wn.2d 322, 332-33, 899 P.2d 1251 (1995); RAP 2.5(a). An issue, however, may be raised for the first time on appeal if there is (1) a "lack of trial court jurisdiction," (2) a "failure

to establish facts upon which relief can be granted, or (3) "a 'manifest error affecting a constitutional right.'" RAP 2.5(a); *McFarland*, 127 Wn.2d at 332-33. "If the facts necessary to adjudicate the claimed error are not in the record on appeal, no actual prejudice is shown[,] and the error is not manifest." *McFarland*, 127 Wn.2d at 332.

The party seeking review has the burden of perfecting the record so that, as the reviewing court, we have all relevant evidence. *State v. Vazquez*, 66 Wn. App. 573, 583, 832 P.2d 883 (1992). An insufficient appellate record precludes review of the alleged errors. *Bulzomi v. Dep't of Lab. & Indus.*, 72 Wn. App. 522, 525, 864 P.2d 996 (1994).

At no point during sentencing did Jackson or his counsel raise the issue of an MHSA. In fact, Jackson crossed out the portion of the statement of defendant on plea of guilty regarding the MHSA. As a result, the issue is unpreserved. Jackson provides no direct response to the State's argument that this does not implicate a manifest error.

Even if Jackson had preserved the issue, we cannot determine whether the court categorically denied Jackson's MHSA request. The record is insufficient for our review. There is only *one reference* to an MHSA, and it was by the prosecutor. While there are comments regarding Jackson's mental health, Jackson provides no other documentation supporting his contention that the court categorically denied the MHSA request for our review.

Therefore, we decline to consider Jackson's argument that the court categorically denied his request for an MHSA.

## CONCLUSION

Accordingly, we affirm Jackson's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Che, J.