IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 85046-6-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| FRANCISCO SALGADO ROJAS, | |
| Appellant. | |

BOWMAN, J. — Francisco Salgado Rojas appeals the trial court's order refusing to consider his postconviction motion for discovery. Because the trial court applied an incorrect legal standard when it declined to consider Salgado Rojas' motion, we reverse and remand.

FACTS

In 2008, a jury convicted Salgado Rojas of attempted murder in the first degree while armed with a firearm. The court imposed a standard-range sentence of 270 months, which included the mandatory 60-month firearm enhancement. Salgado Rojas appealed. Division Two of our court affirmed the conviction[1] and issued a mandate on June 29, 2010.

On April 28, 2022, Salgado Rojas moved the superior court to order the State to "reveal and produce any and all material which may be exculpatory and

_____

[1] State v. Salgado Rojas, noted at 152 Wn. App. 1066, 2009 WL 3723000, review denied, 168 Wn.2d 1040, 233 P.3d 888 (2010).

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

mitigating." He asked that "[i]n the event that any of the above requested evidence exists," the State produce it for inspection "at the earliest possible time." Salgado Rojas also asked the court to set the matter for a hearing with oral argument "[f]or the adjudication" of the motion.

On June 2, 2022, the trial court issued an order refusing to set a hearing or otherwise consider Salgado Rojas' request for discovery. The order states:

> [T]he Defendant's Motion to Produce Any and all Exculpatory and Mitigating Material is denied without need of a hearing. The Defendant's Motion is not intended nor does it present a collateral attack on the July 6, 2010 Judgment and Sentence. With the Judgment and Sentence remaining in place there is no basis to consider the Defendant's Motion.

Salgado Rojas appeals.

ANALYSIS

Salgado Rojas argues the trial court abused its discretion and violated his due process rights when it refused to set a hearing and consider his motion for postconviction discovery.

We review a trial court's denial of a motion to compel discovery for an abuse of discretion. State v. Norby, 122 Wn.2d 258, 268, 858 P.2d 210 (1993). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or for untenable reasons. State v. Haq, 166 Wn. App. 221, 261-62, 268 P.3d 997 (2012). A court's decision is untenable if based on an incorrect legal standard. State v. Horn, 3 Wn. App. 2d 302, 312, 415 P.3d 1225 (2018). A trial court also abuses its discretion if it categorically refuses to exercise its discretion. See State v. Grayson, 154 Wn.2d 333, 341-42, 111 P.3d 1183 (2005).

CrR 4.7(a) compels the State to disclose materials to the defendant in a pending criminal case. But postconviction, a defendant is not ordinarily entitled to discovery. State v. Asaeli, 17 Wn. App. 2d 697, 700, 491 P.3d 245, review denied, 198 Wn.2d 1026, 498 P.3d 955 (2021) (CrR 4.7 applies to only "pretrial discovery procedures"); In re Pers. Restraint of Gentry, 137 Wn.2d 378, 390-91, 972 P.2d 1250 (1999). Rather, a defendant may obtain postconviction discovery "only to the extent they can show good cause to believe the discovery would prove entitlement to relief." Gentry, 137 Wn.2d at 390-91. The claim of good cause must be specific to the petitioner's case and cannot be speculative or conclusory. Id. at 391 n.5 (citing Bracy v. Gramley, 520 U.S. 899, 904, 908, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997); Montoya v. Scott, 65 F.3d 405, 417 (5th Cir. 1995)).

Here, the trial court refused to consider whether Salgado Rojas showed good cause to support his motion for postconviction discovery. Instead, the court concluded that Salgado Rojas' motion does not "present a collateral attack on the July 6, 2010 Judgment and Sentence," so, "[w]ith the Judgment and Sentence remaining in place there is no basis to consider the Defendant's motion." The trial court appears to have predicated consideration of Salgado Rojas' discovery motion on a showing that he is entitled to relief from his judgment under CrR 7.8.[2] But Salgado Rojas did not seek relief from his judgment under CrR 7.8.

---

[2] CrR 7.8 lists several bases on which a defendant may seek relief from a judgment. The trial court cannot consider such a motion unless it is timely and "the defendant has made a substantial showing that they are entitled to relief." CrR 7.8(c)(2).

Because a defendant need not show that they are entitled to relief from their judgment to seek postconviction discovery, the trial court abused its discretion.[3]

We reverse and remand for the trial court to consider Salgado Rojas' motion for postconviction discovery.

Brennan, J

WE CONCUR:

Díaz, J.

Hazelrigg, A.C.J

---

[3] We do not address the sufficiency of Salgado Rojas' discovery motion. And as much as Salgado Rojas suggests due process entitles him to a hearing on his motion, he is incorrect. A trial court has discretion to decide whether a motion warrants a hearing based on "the moving papers." State v. Frohs, 22 Wn. App. 2d 88, 93, 511 P.3d 1288 (2022); CrR 8.2, 3.6(a).