# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59173-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOSHUA L. MCCABE, | |
| Appellant. | |

CHE, J. — Joshua McCabe appeals his standard range sentence following his convictions for first degree child molestation, second degree child molestation, and second degree incest. At sentencing, McCabe requested a special sex offender sentencing alternative (SSOSA), which the victim supported. After carefully weighing the various considerations, the trial court denied McCabe's request for a SSOSA and imposed a low-end standard range sentence. McCabe appeals, arguing that the trial court erroneously failed to give "great weight" to the victim's opinion and thus abused its discretion by denying a SSOSA. We disagree and affirm.

## FACTS

McCabe's daughter, SM, reported to a school guidance counselor that her father had, on multiple occasions, inappropriately touched her genital area while she was trying to sleep. Following a jury trial, McCabe was convicted of first degree child molestation, second degree child molestation, second degree incest, and bail jumping. McCabe appealed, and this court

No. 59173-1-II

remanded for vacation of his bail jumping conviction. The trial court vacated the bail jumping conviction and resentenced McCabe.

At the resentencing hearing, the State recommend the low end of the standard range, and McCabe requested a SSOSA. The State opposed a SSOSA, arguing that McCabe was not amenable to treatment. The trial court noted that it had reviewed the original presentence investigation report from 2021, the SSOSA evaluation from 2023, and the 16 letters of support that were filed for the original sentencing. In particular, the trial court acknowledged SM's support of a SSOSA.

> [F]irst of all, I will acknowledge that the victim in the case was not of the opinion that Mr. McCabe needed to be incarcerated back in 2021. She made it pretty clear at that time, as did a number of people that were supportive of Mr. McCabe, that they didn't believe that he needed anything other than treatment. He didn't need to be incarcerated for a lengthy period of time. I take that into account. I do not discount that that's your feeling. I was aware of it and I understand you're aware of it as well.
>
> Just as I would not keep a person from being on the SSOSA alternative solely because of the victim's feelings, I would not impose SSOSA where I thought it was inappropriate, solely because of the victim's feelings. I'm just trying to say that your opinion is your opinion and I do take it into account. But, I have to balance a number of other factors related to whether I think treatment based in the community is appropriate, as opposed to ordering treatment as part of a prison sentence.

Rep. of Proc. (RP) at 13-14.

The trial court also expressed concern over differences between what McCabe told the initial presentence investigation interviewer and what he said during his SSOSA evaluation, suggesting that it showed a lack of amenability to treatment.

> So, at almost every aspect of the interview that you gave between 2021 and what you told the evaluator two years later, you've changed what it is you've said. And, that causes me concern. Because, one of the things that I have to see is whether a person is amenable to treatment in the community as opposed to being in treatment

2

> in a more structured setting. And, I'd feel more confident about it if I have a person who is at least taking the initial steps of being honest with yourself and I can't tell whether you can, you are, or aren't.

RP at 16. The trial court noted that given his history of substance abuse and failure to stop drinking even after community based treatment, McCabe may benefit from treatment in a "more structured setting" rather than in the community. RP at 17.

The trial court concluded that balancing all of the information before it, a SSOSA was not appropriate and imposed the low end of the standard range sentence of 129 months to life.

ANALYSIS

McCabe argues that the trial court abused its discretion by denying his request for a SSOSA. Specifically, he argues that the trial court erred by not giving SM's opinion "great weight." Br. of Appellant at 2. We disagree.

Generally, a defendant cannot appeal a sentence within the standard range. *State v. Osman*, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). But a defendant may appeal a standard range sentence if the trial court failed to comply with procedural or constitutional requirements. *Id*. at 481-82.

We review a sentencing court's denial of a request for a SSOSA sentence for an abuse of discretion. *Id*. at 482. A sentencing court abuses its discretion if its "'decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.'" *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003) (quoting *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993)). "A decision is based 'on untenable grounds' or made 'for untenable reasons' if it rests on facts unsupported in the record or was reached by applying the wrong legal standard." *Id*. (quoting *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995)).

The trial court abuses its discretion if it categorically refuses to impose a particular sentence or if it denies a sentencing request on an impermissible basis. *Osman*, 157 Wn.2d at 482. If an offender is eligible for and requests a SSOSA sentence, the court must decide whether that alternative is appropriate. *Id*. In determining whether the SSOSA is appropriate, the sentencing court must consider several factors, including, but not limited to "whether the offender and the community will benefit from use of this alternative, . . . whether the alternative is too lenient in light of the extent and circumstances of the offense, . . . whether the offender has victims in addition to the victim of the offense, . . . whether the offender is amenable to treatment, . . . the risk the offender would present to the community, to the victim, or to persons of similar age and circumstances as the victim, and . . . the victim's opinion whether the offender should receive a treatment disposition under this section. RCW 9.94A.670(4). The sentencing court is required to "give great weight to the victim's opinion whether the offender should receive" a SSOSA sentence. RCW 9.94A.670(4).

McCabe contends that the trial court failed to follow RCW 9.94A.670(4)'s "great weight" requirement. But the record reflects that the trial court understood the importance of the victim's opinion in considering whether to impose a SSOSA and ultimately concluded that the other relevant factors outweighed her opinion. The trial court began its discussion of the relevant considerations by thoughtfully acknowledging SM's opinion. Although the court did not use the words "great weight," it is clear that the trial court understood the relevant considerations it must weigh.

Ultimately, the trial court determined that SM's opinion did not outweigh the other factors, in particular McCabe's lack of amenability to treatment and history of unsuccessful

4

No. 59173-1-II

substance abuse treatment while in the community. On this record, the trial court's decision to deny a SSOSA was not manifestly unreasonable. The trial court thoughtfully exercised its discretion and did not deny the SSOSA on any impermissible ground. *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Therefore, we hold that the trial court did not abuse its discretion.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Maxa, P.J.

Price, J.

5